IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMY RUIZ, et al., <br>     Plaintiffs, <br>     v. <br> GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, <br>     Defendant. | Case No. 24-cv-06776-MMC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 53 |

Before the Court is defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC's "Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Rule 12(b)(6)," filed June 2, 2025. Plaintiffs Jimy Ruiz and Allan Wong have filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Defendant manufactures and sells a dietary supplement called Emergen-C, which is offered in seven flavors: Cranberry Pomegranate, Pink Lemonade, Raspberry, Strawberry-Kiwi, Super Orange, Tangerine, and Tropical (collectively "the Products"). (See Second Amended Complaint ("SAC") ¶¶ 22-23).

Plaintiffs allege that "the combination and repetition of text, graphical elements,

---

[1] By order filed July 11, 2025, the Court took the matter under submission.

colors, and pictures on the Products' packaging is designed to give reasonable consumers the overall impression that the Products are composed only of natural flavors" (see SAC ¶ 34), which labeling, according to plaintiffs, is misleading because the "Products contain an ingredient known as 'malic acid' which is used as a flavoring in the Products," and the "form of malic acid used in the[ ] Products is artificial" (see SAC ¶ 45). In particular, plaintiffs allege, the phrases "Flavored Fizzy Drink Mix With Natural Flavors" and "Natural Fruit Flavors" (see SAC ¶¶ 26-27), the pictorial representation of "fresh fruit that corresponds to the 'characterizing' fruit flavor of the Products" (see SAC ¶ 28), the color of the packaging (see SAC ¶ 29), and other "descriptors," such as "Naturally, It's Good For You" (see SAC ¶ 33), combine to create the alleged misrepresentation. Additionally, plaintiffs allege, Products do not contain "required disclosures regarding the use of artificial flavors" (see SAC ¶ 77), which, plaintiffs assert, misleads consumers into believing "Products contained only natural flavors and not any artificial flavors" (see SAC ¶ 82).

Based thereon, plaintiffs assert the following three causes of action: "Violation of the Consumer Remedies Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*" ("Count 1"); "Unjust Enrichment Under California Law" ("Count 2"); and "Breach of Express Warranty Under California Law" ("Count 3").

By the instant motion, defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all of the above-listed claims.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); see also Fed. R.

1  Civ. P. 8(d)(1) (providing "[e]ach allegation must be simple, concise, and direct").
2  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
3  detailed factual allegations." See Twombly, 550 U.S. at 555.  Nonetheless, "a plaintiff's
4  obligation to provide the grounds of his entitlement to relief requires more than . . . a
5  formulaic recitation of the elements of a cause of action." See id. (internal quotation,
6  citation, and alteration omitted).
7     In analyzing a motion to dismiss, a district court must accept as true all material
8  allegations in the complaint and construe them in the light most favorable to the
9  nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To
10 survive a motion to dismiss," however, "a complaint must contain sufficient factual
11 material, accepted as true, to 'state a claim to relief that is plausible on its face.'"
12 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual
13 allegations must be enough to raise a right to relief above the speculative level,"
14 Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion
15 couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and
16 citation omitted).

## DISCUSSION

### A. Consumer Legal Remedies Act ("CLRA")

The CLRA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices," such as "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have," see Cal. Civ. Code § 1770, and provides a civil remedy to consumers "who suffer[ ] any damage as a result of the use . . . of a method, act, or practice declared to be unlawful [therein]," see Cal. Civ. Code § 1780.  "[C]laims under the California consumer protection statutes," including the CLRA, "are governed by the 'reasonable consumer' test," under which plaintiffs "must show that members of the public are likely to be deceived. See Ebner v. Fresh, 838 F.3d 958, 965 (9th Cir. 2016).  Consequently, "[t]o proceed past the

3

pleading stage on [a claim] under California's . . . Consumer Legal Remedies Act, [a] plaintiff[ ] must plausibly allege that reasonable consumers are likely to be deceived" by the defendant's representations. See Kang v. P.F. Chang's China Bistro, Inc., 844 Fed. App'x 969, 970 (9th Cir. 2021) (internal quotation and citation omitted).

The phrase "likely to be deceived" requires "more than a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." See Ebner, 838 F.3d at 965 (internal quotation and citation omitted). Rather, the representation must be "such that it is probable that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." See Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003). "[A] plaintiff's unreasonable assumptions about a product's label will not suffice." Moore v. Trader Joe's Co., 4 F.4th 874, 882 (9th Cir. 2021).

Here, plaintiffs argue the labels' use of phrases incorporating the word "natural" and versions thereof along with depictions of fresh fruit suffice to meet the above test. The Court, however, in granting defendants' earlier motions to dismiss, conducted lengthy hearings in which it set forth in detail on the record its determination that such language and depictions do not suffice to support a finding that reasonable consumers are likely to be deceived, i.e., are likely to believe the Products contain exclusively natural flavors. For those same reasons, the Court once again reaches such conclusion.[2]

Relying on a federal regulation, see 21 C.F.R. § 101.22(i)(2), plaintiffs next argue the labels' omission of the words "artificially flavored" is likely to mislead reasonable consumers. At the hearing on defendants' motion to dismiss plaintiffs' First Amended

---

[2] Although, in the SAC, plaintiffs have added allegations regarding the results of surveys plaintiffs have reviewed, plaintiffs' reliance thereon is unavailing. As defendants point out, "[c]ourts in this district . . . hold that consumer deception claims that are otherwise facially implausible cannot be redeemed merely by surveys." (See Mot. at 18:11-14) (quoting Nacarino v. Chobani, LLC, No. 20-CV-07437-EMC, 2021 WL 3487117, at *8 (N.D. Cal. Aug. 9, 2021)). Here, for example, the surveys to which plaintiffs cite lack relevance in that, as described in the SAC (see SAC ¶¶ 83-87), they do not concern phrases like those used in the labels here at issue, but, rather, the use of the word "natural" in isolation.

1  Complaint, the Court found the absence of an "artificially flavored" disclosure is not,
2  standing alone, sufficient to plausibly plead a claim under the CLRA.  See, e.g., Victor v.
3  R.C. Bigelow, Inc., No. 13-CV-02976-WHO, 2014 WL 1028881, at *17 (N.D. Cal. Mar. 14,
4  2014) (finding a "statement may technically violate some law and yet a reasonable
5  consumer may have no . . . expectation about it").  The Court did, however, afford
6  plaintiffs leave to amend to include, if they could, factual allegations demonstrating that
7  reasonable consumers are either aware of the regulation requiring such disclosure or, in
8  some manner, have become accustomed to seeing the words "artificially flavored"
9  whenever a product contains artificial flavors.
10  Although plaintiffs elected to amend, the only allegations in the SAC pertaining to
11  the above are conclusory in nature and lack any factual allegations in support thereof.
12  (See SAC ¶ 80 (alleging "consumers . . . reasonably expect that the use of artificial
13  flavors in a food would be affirmatively disclosed on the Products' labels"); SAC ¶ 82
14  (alleging "the majority of reasonable consumers would interpret the flavoring statements
15  and omissions of affirmative disclosures on the Products' labels" to mean "that the
16  Products contained only natural flavors and not any artificial flavors")).
17  Accordingly, plaintiffs' CLRA claim is subject to dismissal.
18  **B.  Unjust Enrichment and Breach of Express Warranty**
19  Plaintiffs' unjust enrichment claim is based on the allegation that "[d]efendant,
20  through its marketing and labeling of the Products, misrepresented and deceived
21  consumers regarding the flavoring in the Products."  (See SAC ¶ 124).  Similarly,
22  plaintiffs' express warranty claim is based on the allegation that defendant "expressly
23  warranted that the Products contained only 'Natural Flavors' and 'Natural Fruit Flavors.'"
24  (See SAC ¶ 132).  As noted above, plaintiffs have failed to plead an actionable
25  representation as to flavoring.
26  Accordingly, like plaintiffs' CLRA claim, plaintiffs' unjust enrichment and breach of
27  warranty claims are subject to dismissal.  See Kim v. Bluetrition Brands, Inc., No. 22-
28  56063, 2024 WL 243343, at *2 (9th Cir. Jan. 23, 2024) (holding "breach of express and

implied warranties" claims and "unjust enrichment" claims fail where underlying "consumer deception and fraud claims" fail).

### C. Leave to Amend

As the Court has twice afforded plaintiffs leave to amend to cure the above-discussed deficiencies, and plaintiffs have been unable to do so, it does not appear that further leave to amend would be other than futile.

Accordingly, dismissal will be without further leave to amend.  See Alexander v. Citigroup Glob. Markets Inc., 607 Fed. App'x 696, 697 (9th Cir. 2015) (affirming dismissal; holding "[l]eave to amend is not required where granting leave would be futile").

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED and the SAC is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: August 1, 2025

MAXINE M. CHESNEY
United States District Judge